UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-367(8) (JMB/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S INITIAL** |
| v. | ) **POSITION ON SENTENCING** |
| | ) |
| SHARDAI RAYSHELL ALLEN, | ) |
| | ) |
| Defendant. | ) |

The Court should sentence Allen to 70 months' imprisonment and 2 years' supervised release. That sentence is sufficient, but not greater than necessary, to satisfy the 18 U.S.C. § 3553(a) factors and ensure justice is served.

## **RELEVANT FACTS**

The government agrees with and incorporates by reference the facts from the Offense Conduct section of the presentence report, (ECF No. 466 at ¶¶ 7-18), and the factual basis from the plea agreement. (ECF No. 364 at ¶ 2.) Allen was part of a nine-defendant fentanyl trafficking conspiracy. Several co-defendants flew from the Twin Cities to Phoenix, Arizona, to buy multi-kilogram amounts of fentanyl pills from a supplier and shipped those pills to the Twin Cities through the U.S. Postal Service. (ECF No. 364 at ¶ 2, ECF No. 466 at ¶ 9). Those co-defendants concealed the fentanyl pills inside large stuffed animals, placed those fentanyl-laden toys inside boxes lined with dog

treat bags (presumably to prevent a drug-sniffing dog from alerting to them), and wrapped the packages to resemble birthday presents. (ECF No. 364 at ¶ 2, ECF No. 466 at ¶ 9). The pills were intended for further distribution upon arrival in the Twin Cities. (ECF No. 364 at ¶ 2, ECF No. 466 at ¶ 9).

In January and February 2023, police intercepted six of those parcels and recovered hundreds of thousands of potentially deadly fentanyl pills with a combined weight of 30.851 kilograms—over 67 pounds. (ECF No. 364 at ¶ 2, ECF No. 466 at ¶ 10). Unfortunately, police did not catch every package, meaning kilograms of pills made their way to the Twin Cities and were distributed to others. (ECF No. 364 at ¶ 2, ECF No. 466 at ¶ 10).

Allen played a role—admittedly a minor one—in the conspiracy by being a courier in the Twin Cities. (Unlike many other co-defendants, Allen did not fly to Phoenix to package and ship pills.) Once, Allen received a package containing roughly five kilograms of fentanyl pills and transported it to another co-conspirator in exchange for $500. (ECF No. 364 at ¶ 2, ECF No. 466 at ¶ 10). Another time, she agreed to receive a package (weighing over five kilograms) that was shipped from Phoenix. (ECF No. 364 at ¶ 2, ECF No. 466 at ¶ 10). Thankfully, police seized this package en route, ensuring that more fentanyl did not make its way to Minnesota's homes, streets, and schools. (ECF No. 364 at ¶ 2, ECF No. 466 at ¶ 10).

A grand jury indicted Allen and her co-defendants for conspiring to distribute 400 grams or more of a mixture or substance containing fentanyl in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846. Pursuant to a plea agreement, Allen pled guilty to Count 1 on February 13, 2025, and is now before the Court for sentencing.

## ARGUMENT

The Court should sentence Allen to 70 months' imprisonment and 2 years' supervised release. That sentence balances the nature, circumstances, and severity of the offense with Allen's mostly mitigating history and characteristics, will promote respect for the law, and is sufficient but not greater than necessary to satisfy those and the other factors under 18 U.S.C. § 3553(a).

### I. LEGAL BACKGROUND

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[U]nder the advisory guidelines scheme, sentencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Scott*, 448 F.3d 1040, 1043 (8th Cir. 2006).

"[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested

by a party." *Gall*, 552 U.S. at 49–50; 18 U.S.C. § 3553(a). The § 3553(a) factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

## II.   THE U.S. SENTENCING GUIDELINES CALCULATIONS

The government agrees with the PSR's Guidelines calculations, (ECF No. 466 at ¶¶ 23-32), but concurs with Allen that her criminal history score overrepresents the seriousness of her past offenses.

The PSR calculated that Allen's base offense level, based upon the weight of the fentanyl and Allen receiving a mitigating role adjustment, is 33; that a two-level reduction applies for satisfying the safety valve requirements; that another two-level reduction applies for being a minor participant; and that a three-level reduction applies for accepting responsibility. (ECF No. 466 at ¶¶ 23-32). The PSR calculated Allen's criminal history category as III. (ECF No. 466 at ¶¶ 37-41). Based on those calculations, Allen's Guidelines range is 78-97 months' imprisonment and 2-5 years' supervised release. (ECF No. 466 at ¶¶ 72, 79).

However, while the PSR correctly calculates Allen's criminal history category as III, the plea agreement contemplated a criminal history category

4

of II. (ECF No. 364 at ¶ 7g). The PSR also notes that a downward departure might be warranted due to overrepresented criminal history. (ECF No. 466 at ¶ 91). Allen intends to argue for such a downward departure. (ECF No. 466 at ¶ 91). The government agrees with Allen. If the Court departs downward based on overrepresented criminal history, Allen's Guidelines range drops to 70-87 months' imprisonment. (ECF No. 466 at ¶ 91).

## III.  THE 18 U.S.C. § 3553(a) FACTORS

The factors under 18 U.S.C. § 3553(a)—especially the nature, circumstances, and seriousness of the offense; Allen's history and characteristics; and the need to promote respect for the law—support a sentence to 70 months' imprisonment and 2 years' supervised release.

### A.  NATURE, CIRCUMSTANCES, AND SERIOUSNESS OF THE OFFENSE

The nature, circumstances, and seriousness of the offense justify a sentence to 70 months' imprisonment. Even though she was a minor participant in the conspiracy, Allen still assisted with trafficking large amounts of fentanyl pills into Minnesota. Opioids—especially fentanyl—have killed tens of thousands of Americans, and Allen was part of a multidefendant interstate drug trafficking conspiracy that led to what was, at the time, the largest fentanyl seizure in Minnesota history.[1] Thankfully, police seized a

---

[1] CBS News, https://www.cbsnews.com/minnesota/news/6-charged-in-the-largest-fentanyl-bust-in-minnesota-history/ (last accessed May 8, 2025).

package before Allen could receive it. But police did not catch every package, and Allen couriered one of those packages that slipped through to another co-defendant. Those pills could have harmed or killed scores of Minnesotans. That alone warrants the recommended sentence.

### B.   ALLEN'S HISTORY AND CHARACTERISTICS

Allen's history and characteristics are, overall, mitigating. Her criminal history consists of four theft convictions, all of which resulted in fines and most of which involved the stolen items being recovered. The Court must consider those convictions, but low-level thefts and fine-only punishments are hardly the stuff of nightmares. And again, both parties agree that four criminal history points overrepresents the seriousness of Allen's prior crimes.

As a child, Allen cared for her mother, who suffered from seizures. (ECF No. 466 at ¶ 48). When Allen's mother died, Allen became the guardian for her four-year-old sister, effectively becoming a mother figure instead of an older sister. (ECF No. 466 at ¶ 51). Finally, Allen quickly filed a no-motions letter, (ECF No. 173), and accepted responsibility for her role in the conspiracy. While the offense is serious—even though she played a minor role, Allen facilitated the distribution of an extremely dangerous drug—Allen's history and characteristics feature entries mainly in the mitigating column.

## C. PROTECTING THE PUBLIC AND PROMOTING RESPECT FOR THE LAW

Finally, a sentence to 70 months' imprisonment will promote respect for the law. Opioids—especially fentanyl—have created a drug epidemic the likes of which America has not seen before. And when two milligrams of fentanyl can kill, imagine how many Minnesotans could have died from the five kilograms that Allen couriered. People need to know that the law matters and that consequences exist for breaking it.

## CONCLUSION

For these reasons, the government recommends that the Court sentence Allen to 70 months' imprisonment and 2 years' supervised release.

DATE: July 17, 2025

JOSEPH H. THOMPSON
Acting United States Attorney

*/s/ Campbell Warner*
Campbell Warner
Assistant United States Attorney